**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **WILLIAM WEEKS, a/d/a BILLY WEEKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 3:11-0550** |
| ) | **Judge Sharp** |
| **CITY OF LEBANON, TENNESSEE,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

<u>**ORDER**</u>

This action was removed from state court because the Complaint contained allegations that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. , in relation to Plaintiff's compensation. Subsequently, and with leave of the Court, Plaintiff filed an Amended Complaint (Docket No. 10) which eliminated any claim under the FLSA. Plaintiff also filed a Motion to Remand (Docket No. 4), which Defendants do not oppose. (Docket No. 5 at 1). The parties contend that, with the dropping of the FLSA claim, "[t]his Court no longer has jurisdiction over this action, and the matter should be remanded." (Docket No. 7 at 1).

"'The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal[.]'" <u>Packard v. Farmers Ins. Co.</u>, 2011 WL 1885981 at *3 (6th Cir. 2011) (quoting, <u>Harper v. AutoAlliance Int'l Inc.</u>, 392 F.3d 195, 210 (6th Cir. 2004)). Thus, where a complaint is amended after removal to dismiss the federal claim, the Court still has jurisdiction over the action. <u>Id</u>. Nevertheless, "when all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed." <u>Thurman v. DaimlerChrysler, Inc.</u>, 397 F.3d 352, 359 (6th Cir. 2004). Accordingly, Plaintiff's

Motion to Remand (Docket No. 4) is hereby GRANTED, and this case is hereby REMANDED to the Chancery Court for Wilson County, Tennessee.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE